John J. Mullen, Jr. and Ethel M. Mullen v. Commissioner.
Mullen v. Commissioner
Docket No. 176-62.
United States Tax Court
T.C. Memo 1964-44; 1964 Tax Ct. Memo LEXIS 292; 23 T.C.M. (CCH) 247; T.C.M. (RIA) 64044; February 26, 1964
*292 John J. Mullen, Jr., pro se, 82-39 263 St., Glen Oaks, P.O.N.Y.C., N.Y. Donald H. Cuozzo for the respondent. TRAIN
Memorandum Findings of Fact and Opinion TRAIN, Judge: The respondent determined a deficiency in petitioners' income tax for the year 1960 in the amount of $233.16. The issues for decision involve the allowability of certain itemized deductions, whether petitioner has been subjected to an unlawful search and seizure, and whether the Federal income tax is unconstitutional because not uniform. Findings of Fact The petitioners are husband and wife who resided in 1960 at 82-39 263rd Street, Glen Oaks, New York. They filed their joint income tax return for the year 1960 with the director of internal revenue for the district of Brooklyn, New York. John J. Mullen, Jr., is hereinafter referred to as "petitioner." During the year 1960, petitioner made contributions to his church and to other charities in the amount of $202. During the same year, petitioner paid $583 in various state and local taxes. He expended $175.94 for drugs and $336.59 for doctors' bills. He expended $114.80 for union dues; $108.60 for replacement of tools such as hammers, screwdrivers, *293 and pliers, used in his employment as an electrician; $16 for safety shoes used in connection with the same employment; and $10 for electrical textbooks. He was not reimbursed for any of these expenses. Petitioner itemized his deductions on his return. Opinion The petitioners are entitled to deductions for contributions to charity, payment of taxes, medical expenses, and miscellaneous expenses, including tools, in accordance with the amounts set out in our findings of fact. Petitioner seeks to raise a variety of constitutional issues although these are not placed before the Court with any clarity. He refers to lack of uniformity and to an alleged illegal search and seizure by Internal Revenue Service employees. He presented no evidence of the latter. As to an alleged lack of uniformity, he apparently bases his contention on the fact that different kinds of income (e.g., short term gains versus long term gains) are treated differently and that different taxpayers may have different liabilities. He has not pointed out any such difference which is not of general application throughout the United States and his contention is without merit. . *294 Decision will be entered under Rule 50.